UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Donald Roberts, | ) | C/A No. 2:18-cv-01130-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On April 30, 2018, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 8. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal of the instant Petition because it is a second and successive § 2254 action. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

In his objections, Petitioner maintains that his Due Process rights were violated. ECF No. 10. However, as discussed by the Magistrate Judge, the record reflects that this Court considered the merits of Petitioner's first habeas petition at considerable length and dismissed it with prejudice. *See Roberts v. Warden of Lee Correctional Institution,* Case No. 8:09-cv-2471-PMD-BHH. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing 28 U.S.C. § 2244(b)(3)(A)). "A three-judge panel has 30

days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b)." *Id.* (quoting § 2244(b)(3)(c)).

Petitioner's instant Petition is uncontrovertedly second or successive under § 2244(b), given the fact it was filed after the Court ruled on his first § 2254 action. Therefore, Petitioner was required to obtain leave from the United States Court of Appeals for the Fourth Circuit prior to filing this action. § 2244(b)(3)(A). Because Petitioner failed to obtain authorization from the Fourth Circuit before filing this action, this Court lacks jurisdiction to consider his Petition. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Consequently, the Court overrules Petitioner's objections.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

After considering the record in this case, the applicable law, and the Report of the

Magistrate Judge, the Court agrees with the Report's recommendation. Accordingly, the Court adopts the Report by reference in this Order. The Petition is dismissed without prejudice to Petitioner's right to seek authorization from the Fourth Circuit Court of Appeals to file a successive petition, and without requiring Respondent to file an answer or return.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 11, 2018
Spartanburg, South Carolina